Moore et al. v. Chapman, Judge of the County Court.

1. By mistake, in the condition of an administration bond, it was written, that if M. R. (who was the deceased,) should well and truly perform the duties of administrator, &c. the mistake being apparent on the face of the instrument, it was held that this did not vitiate, and that the bond might be declared on with proper averments.
2. After settlement, and a decree by the County Court, requiring an administrator to pay over a sum certain, a distributee may bring an action on the bond, and assign the non-payment as a breach of the condition.
3. And where the settlement is final, no refunding bond is necessary.

This was an action of debt, instituted in the Circuit Court of Madison, in the name of Samuel Chapman, Judge of the County Court, for the use of Charles W. Mixen and wife, heirs at law and legatees of Miles Rayner, deceased, against Lewis Moore and Fleming Jordan, as obligors in an administration bond, made in 1822. By the penalty of the bond, Moore, Jordan, and one M'Broom, bound themselves to S. Chapman, Judge, &c. in the penal sum of twenty thousand dollars, &c. The condition was as follows: "Now the condition of the above obligation is such, that

whereas the above bound Lewis Moore has been duly appointed administrator with the will annexed, of the estate of Miles Rayner, deceased. Now if the said Miles Rayner shall well and truly perform all the duties which are, or may be by law required of him as administrator with the will annexed, then the above obligation to be void, else to remain in full force and virtue," &c. In the declaration it is averred, after reciting the bond, that "whereas Moore had been duly appointed administrator with the will annexed, of the estate of Miles Rayner, deceased, the defendants undertook, that said 'Lewis Moore,' (but by mistake, written in the said condition, 'Miles Rayner') should well and truly perform all the duties of administrator," &c. It is afterwards alleged as a breach of the condition of the bond, that "on the 27th of August, 1827, said Moore, having in said County Court of Madison, made settlement of his administration of the estate of said Rayner, there was found to be in his hands as administrator, to be distributed among the heirs and distributees of Miles Rayner, the deceased, $5,381 18; and that on the 19th of October, 1827, said Lewis Moore having been previously cited to appear and make distribution, it was by the County Court ordered and decreed, that he pay to said Mixen, in right of his wife, the sum of $2,690 59; being their share as legatees of said Miles Rayner," which sum he had failed to pay, &c. The defendants craved oyer of the bond and condition, and demurred. The demurrer was, by the Circuit Court, at May term, 1828, overruled, an inquiry of damages was had, and the jury assessed them at $2,816 14, for which the plaintiff had judgment.

HUTCHISON & CRAIGHEAD, on behalf of Moore and Jordan, the appellants, assigned for error: 1. That the plaintiff, Mixen, having selected the orphan's Court, could not apply to any other Court, until he had exhausted all the powers of that Court unsuccessfully. 2. That the mistake in the bond could not be rectified at law, nor elsewhere; the form being prescribed by statute. 3. That the securities cannot be made liable by construction, or by proofs of mistake in the bond; that the condition is for their benefit.

BRANDON, for the defendant in error.

By JUDGE CRENSHAW. It is insisted that the demurrer should have been sustained; that no action can be

JANUARY 1830.

Moore
v
Chapman.

maintained on the bond; and that the inquiry and assess-ment of damages were erroneous. In argument it was contended that this bond is not actionable, because the condition is absurd and unmeaning, in requiring Miles Rayner, the testator, to perform the duties of administrator on his own estate, and that the defect cannot be supplied by any averment or proof, *aliunde*.

Without resorting to extrinsic circumstances, we are of opinion, that there is an obvious mistake apparent on the face of the instrument, but which cannot vitiate or render it ineffectual; that the name of Lewis Moore, the administrator, was clearly intended to be inserted, instead of Miles Rayner, deceased; that by a reference to the immediately preceding part of the condition, in which it is recited, that Lewis Moore had been appointed administrator of Miles Rayner, deceased, and by recurring to the fact that Lewis Moore is bound by name in the penal part, and executed the bond, it is manifest beyond a doubt, that he is the person on whom the duties of administration devolved, and who is required to perform the condition of the bond. And though the form of the bond be prescribed by statute, yet it is sufficient for the ends of substantial justice, if the material requisitions of the statute have been pursued, and the intention of the parties can be collected from the whole of the instrument taken together. We believe it to be the duty of Courts of justice, to give a consistent and sensible construction to all instruments of writing, *ut res magis valeat quam pereat,* and that we violate no rule of law in saying that this objection ought not to prevail.

It was also insisted, that the plaintiff had no right to resort to an action on the administration bond, before he had exhausted all the powers of the County Court, where he first sought his remedy, and before he had given to the administrator, a refunding bond. As to this position we are not prepared to say, nor is it necessary to decide the question before us, that the County Court had authority to enforce its decree for distribution, by process of attachment, execution, or any other mode pointed out by law. But whether the County Court had or had not this authority, we think it clear, that a distributee could sue on the administration bond, after distribution had been decreed by the County Court, where, by law, the administrator was accountable, and where he was required to settle his administration; and that if the administrator does not comply with the decree for distribution, it would be a violation of

his duty, and a breach of the condition of his bond; and render him liable to an action in behalf of the distributee.

As to the second branch of the proposition, we infer from the record, that the administrator had made, with the County Court, a final settlement; in which case the statute does not require a refunding bond of the distributee. In conclusion, we are further of the opinion, that there was no error in the inquiry and verdict for damages. Indeed, on the defendant's declining to plead over, there was no other legal course for the plaintiff to pursue, but to submit the case to the jury on an inquiry of damages for the breach of the condition of the bond; and in which they were to be governed by the amount of the decree, with interest from the time it should have been paid. The Court are unanimous in affirming the judgment.